UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>OAK CREEK INVESTMENTS,<br><br>Defendant. | Case No. 5:18-cv-04645-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 22, 23 |

On November 22, 2019, Defendant Oak Creek Investments filed a motion for administrative relief requesting that the Court order Plaintiff to provide documentation of attorneys' fees and costs pursuant to General Order 56. Motion for Administrative Relief and for Monetary Sanctions ("Mot."), Dkt. 22. The motion also seeks monetary sanctions (reimbursement for the costs associated with bringing this motion) for Plaintiff's refusal to comply with General Order 56. Plaintiff filed a motion to strike Defendant's motion for administrative relief, which seeks an order striking Defendant's motion *and* opposes the merits of Defendant's motion. Request to Strike Defendant's Motion for Administrative Relief and Response in Opposition ("Mot. to Strike/Opp."), Dkt. 23. Defendant filed an opposition to Plaintiff's motion to strike. Opposition to Plaintiff's Motion to Strike Defendant's Motion for Administrative Relief ("Opp. to Mot. to Strike"), Dkt. 25. The Court **GRANTS** Defendant's Motion for Administrative Relief and **DENIES** Plaintiff's Motion to Strike.

**I.  BACKGROUND**

On April 15, 2019, this Court granted the Parties' Joint Consent Decree for Injunctive

Relief, which requires Defendant to remediate the subject-property by December 31, 2019. *See* Dkt. 14. Pursuant to the Joint Decree, the Parties jointly inspected the subject property. After this inspection, Plaintiff "made a demand in excess of $20,000 to settle the matter in its entirety, without providing any fee or costs support." Mot. at 2. Pursuant to General Order 56, Defendant requested (on multiple occasions) that any demand for settlement be supported by documents demonstrating attorney's fees and costs. *Id.* Around September 27, 2019, Plaintiff responded to Defendant's demands for documentation. *Id.* Plaintiff provided a reduced demand but failed to accompany its counteroffer with "any accompanying fee support documents." *Id.*

On August 26, 2019, Plaintiff filed a notice of need for mediation. This Court referred the case to mediation and set November 25, 2019 as the deadline to complete mediation.

In preparation of that mediation, and before submitting their administrative motion, Defendant contacted Plaintiff on November 6, 2019 to "again demand[] fee and cost documents under General Order 56" to allow the parties ample time in advance of the mediation deadline of November 25, 2019 to review the document and attempt good-faith, reasonable settlement. *Id.*, Ex. A. Plaintiff's counsel responded only after Defendant filed its administrative motion and after the deadline to complete mediation had passed. Mot. to Strike/Opp., Ex. 1. Defendant agreed to withdraw its administrative motion if Plaintiff provided it documentation. *Id.* Plaintiff seemingly refused to do this as it filed the motion to strike instead. Accordingly, as of the date of this Order, Plaintiff has failed to provide Defendant *any* documentation (even a cursory overview of Plaintiff's counsels' billing rates) and has only provided Defendant a settlement number.

## II. PLAINTIFF'S MOTION TO STRIKE

Plaintiff first argues that this Court should strike Defendant's motion because it contains information about confidential settlement negotiations. Mot. to Strike/Opp. at 1–2. Plaintiff fails to provide any rule supporting its motion to strike. Based on the briefing, the Court infers that Federal Rule of Evidence 408 underlies Plaintiff's motion. As a preliminary matter, Plaintiff's citation to *Johnson v. Holden*, No. 50 5:18-cv-01624-EJD (N.D. Cal. May 9, 2019) as support for

Case No.: 5:18-cv-04645-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF;
DENYING PLAINTIFF'S MOTION TO STRIKE

2

its proposition that the inclusion of confidential information warrants striking an entire motion is misplaced. *Johnson v. Holden*, only struck the "portion of Defendants' statements that describe the settlement negotiations." Hence, *Johnson v. Holden* lacks the expansive application advocated by Plaintiff.

Moreover, as Defendant notes, Federal Rule of Evidence 408, protects compromise negotiations only if they are "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Indeed, "at least some communications made in furtherance of [settlement] negotiations are discoverable, as Rule 408 permits their use in some aspects of trial." *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. Oct. 22, 2008). As the Advisory Committee Notes to Rule 408 explain, "evidence, such as documents, is not rendered inadmissible merely because it is presented in the course of compromise negotiations." Therefore, mere reference to settlement discussions does not automatically support a motion to strike.

Here, Defendant's reference to settlement discussions and its inclusion of a letter discussing settlement negotiations in its administrative motion is permissible. The purpose of referencing the discussions was not to prove liability or apportion fault (as forbidden by Rule 408). Rather, the purpose was to show noncompliance with General Order 56. This purpose is not forbidden by Rule 408. Plaintiff presents no alternative grounds supporting its Motion to Strike. Accordingly, Plaintiff's Motion to Strike is **DENIED.**

### III. DEFENDANT'S ADMINSTRATIVE MOTION

Defendant argues that, pursuant to General Order 56(6), it is entitled to a detailed statement of costs and attorney's fees. Mot. at 4.

General Order 56(6) provides:

> If the parties reach a tentative agreement on injunctive relief, plaintiff *shall* forthwith provide defendant with a statement of costs and attorney's fees incurred to date, and make a demand for settlement of the case in its entirety (including any additional damages not included in the Rule 26(a) disclosures). Plaintiff *should not* require execution of a formal agreement regarding injunctive relief as a precondition to

Case No.: 5:18-cv-04645-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF;
DENYING PLAINTIFF'S MOTION TO STRIKE

3

> providing defendant with the statement of costs and attorney's fees, and additional damages. If requested by defendant, plaintiff *should* provide documentation and support for its attorney's fees similar to what an attorney would provide in a billing statement to a client.

(emphasis added).

As noted, on April 15, 2019, this Court granted the Parties' Joint Consent Decree for Injunctive Relief. *See* Dkt. 14. Hence, a "tentative agreement on injunctive relief" exists between the parties and entitles Defendant to the disclosures discussed in General Order 56(6). Plaintiff does not dispute this. Plaintiff instead argues that General Order 56 does not require him to submit a detailed statement and that attorney-client privilege protects him from submitting such a statement. *See generally* Mot. to Strike/Opp. Specifically, Plaintiff argues that General Order 56 use of "should" means he is not required to provide documentation to Defendant. *Id.* at 4. Additionally, he contends that *Los Angeles County Board of Supervisors v. Superior Court*, 386 P.3d 773 (Cal. 2016) protects such documentation under attorney-client privilege. Mot. to Strike/Opp. at 2.

This case is almost identical to *Johnson v. Maple Tree Investors*, No. 47 5:17-cv-06762-LHK (N.D. Cal. Oct. 28, 2019). There Judge Koh ordered Plaintiff to provide the defendant with a "line-item invoice that identifies the date, the biller, the hourly rate, justification for the hourly rate, the task, and the amount billed per task." *Maple Tree*, No. 47 5:17-cv-06762-LHK at 4. Judge Koh rejected both Plaintiff's scope and privilege arguments. *Id.* at 2; *see also supra*. The Court agrees with Judge Koh's reasoning and rejects Plaintiff's scope and privilege arguments.

**General Order 56's Requirements.** The Court agrees with Judge Koh that General Order 56 requires the plaintiff to provide the defendant with "documentation and support" for attorneys' fees and costs. Plaintiff interprets the "should" in General Order 56 as placing discretion in the plaintiff to decide whether or not to provide the defendant with detailed documentation. The Court reads General Order 56 differently and holds that once parties reach a tentative agreement on injunctive relief; General Order 56 requires the plaintiff to provide the defendant detailed documentation *if* the defendant requests it. Here, Defendant has requested documentation and so

Case No.: 5:18-cv-04645-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFF'S MOTION TO STRIKE

4

Plaintiff is obligated to provide detailed information about costs and attorney's fees, much like what would be provided to a client. *See* Cal. Bar Rules of Prof'l Conduct r. 1.5.

**Attorney-Client Privilege.** Plaintiff next argues that they need not provide documentation to Defendant because this information is protected by attorney-client privilege. The California Supreme Court has held that "[w]hen a legal matter remains pending and active, the privilege encompasses everything in an invoice, including the amount of aggregate fees . . . . because . . . [the invoice] might very well reveal . . . investigative efforts and trial strategy." *L.A. Cty. Bd. of Supervisors*, 386 P.3d at 781 (quotation marks and citation omitted). Even during active litigation, however, "there may come a point when this very same information no longer communicates anything privileged, because it no longer provides any insight into litigation strategy or legal consultation." *Id.* at 782.

Here, the request for billing invoices comes long after the Parties have settled the injunctive relief aspect of this case. *See* Mot. at 3; *L.A. Cty. Bd. of Supervisors, 386 P.3d at 781* ("The same may not be true for fee totals in legal matters that concluded long ago."). The only issue remaining between the Parties is the amount of damages owed to Plaintiff, which the Parties plan to engage in mediation to resolve. As the docket shows, outside the Joint Consent Decree, Plaintiff has not filed any motions or documents litigating the merits of this case. Thus, as Defendant notes, no significant work has been done by Plaintiff's counsel since the joint agreement regarding injunctive relief. Hence, there should not be any invoices that reveal "investigative efforts and trial strategy." Rather, the invoices at hand ought to pertain to billing for work on the settlement, which is "moot" as Defendant has already remedied the subject property. Accordingly, fee information may be disclosed without "provid[ing] any insight into litigation strategy or legal consultation." *L.A. Cty. Bd. of Supervisors*, 386 P.3d at 782.

A contrary interpretation of General Order 56 would allow attorneys to improperly inflate attorney's fees and hinder the Parties ability to engage in meaningful mediation discussions. Without detailed billing information, Defendant cannot determine if any hours were "excessive,

Case No.: 5:18-cv-04645-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFF'S MOTION TO STRIKE

5

redundant, or otherwise unnecessary." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1079 (N.D. Cal. 2010). Plaintiff's refusal to provide *any* documentation only bolsters this concern.

**IV. CONCLUSION**

The Court **ORDERS** Plaintiff to provide Defendant a line-item fee invoice that identifies the date, the biller, the hourly rate, justification for the hourly rate, the task, and the amount of time billed per task. Plaintiff shall provide this information to Defendant and to the Mediator (Katherine Clark) by **December 31, 2019.** Because the November 25, 2019 mediation deadline has passed, the Parties are **ORDERED** to complete mediation by **January 28, 2020.** *See* Dkt. 26. Plaintiff may describe each task to avoid revealing "the type of research" or other matters directly relevant to "litigation strategy or legal consultation." *L.A. Cty. Bd. of Supervisors*, 386 P.3d at 781–82. For instance, Plaintiff may frame the task descriptions at a high level (*e.g.*, "legal research," "drafting complaint," etc.) to mitigate any risk of revealing privileged information. *Maple Tree*, No. 47 5:17-cv-06762-LHK at 4–5.

Defense counsel seeks $3,380.00 for reimbursement of fees and costs related to preparing the motion regarding Plaintiff's noncompliance and submits a declaration supporting reimbursement. Declaration of Richard D. Schramm ¶¶ 9–12. The Court finds defense counsel billed: (1) a reasonable number of hours, (2) at a reasonable hourly rate, (3) and asks for an appropriate amount in fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The request for fees is **GRANTED** and Defendant shall receive $3,380.00 in fees associated with bringing this motion. *See also* Mot., Ex. C (Judge Koh ordering Plaintiff's to pay fees and costs).

**IT IS SO ORDERED.**

Dated: December 19, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04645-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFF'S MOTION TO STRIKE

6