United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>OAK CREEK INVESTMENTS,<br><br>Defendant. | Case No. 5:18-cv-04645-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; DENYING CERTIFICATION OF INTERLOCUTORY REVIEW**<br><br>Re: Dkt. No. 29 |

On December 19, 2019, this Court granted Defendant Oak Creek Investments' motion for administrative relief and ordered Plaintiff to produce to Defendant by **December 31, 2019** billing information in anticipation of the Parties' upcoming January 28, 2020 mediation session. Order Granting Defendant's Motion for Administrative Relief, Dkt. 29. Plaintiff argues that leave to file a motion for reconsideration should be granted because the controlling law on this matter has changed since the order granting relief was entered. In the alternative, Plaintiff seeks interlocutory review. For the foregoing reasons, the Court **DENIES** these requests.

**I.    Motion for Reconsideration**

Reconsideration of a final judgment, order, or proceeding is appropriate if (1) at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if new material facts emerge or a material change of law occurs after the time of the interlocutory order. N.D. Cal. Civ. L.R. 7-9(b). Absent these three things, "a motion for

reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

Plaintiff argues that a material difference in law exists because General Order 56 was recently amended. The amended order is controlling in this case. General Order 56(6) formerly provided:

> If the parties reach a tentative agreement on injunctive relief, plaintiff shall forthwith provide defendant with a statement of costs and attorney's fees incurred to date, and make a demand for settlement of the case in its entirety (including any additional damages not included in the Rule 26(a) disclosures). Plaintiff should not require execution of a formal agreement regarding injunctive relief as a precondition to providing defendant with the statement of costs and attorney's fees, and additional damages. *If requested by defendant, plaintiff should provide documentation and support for its attorney's fees similar to what an attorney would provide in a billing statement to a client.*

(emphasis added).

The Court held that this required Plaintiff to provide Defendant with "documentation and support" for attorneys' fees and costs. *See* Dkt. 29 at 4. The Court held that attorney-client privilege was not violated as Plaintiff could "frame the task descriptions at a high level." *Id.* at 6.

Amended General Order 56(5) provides:

> Whenever plaintiff makes a monetary demand, defendant may request and plaintiff then *promptly shall provide an itemization of costs, an overall summary of the major categories of work performed, the total number of hours each time keeper spent on each category of work, and each time keeper's billing rate*. If plaintiff prefers, plaintiff may instead provide *complete, detailed time records* (redacted, if necessary, for attorney-client privilege and work product).

(emphasis added).

The provisions are nearly identical. Both require a plaintiff to promptly provide an itemization of costs and documentation supporting any demand of attorney's fees and costs. Hence, a material change in law does not exist. Moreover, Plaintiff does not present any new information that the

Case No.: 5:18-cv-04645-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION; DENYING CERTIFICATION OF INTERLOCUTORY REVIEW
2

1 Court did not already consider when reaching the conclusion that the disclosure of the requested

2 billing information could be consistent with California law governing attorney-client privilege.

3 Accordingly, because no "material change of law or facts" exists, Plaintiff's motion for leave to

4 file a motion for reconsideration is **DENIED.**

## II. Interlocutory Appeal

In the alternative, Plaintiff requests certification of the Court's December 2019 Order for interlocutory review. The Court's December 2019 Order does not meet the standards set forth in 28 U.S.C. § 1292(b), requiring a "controlling question of law" that "may materially advance the ultimate termination of the litigation." Accordingly, Plaintiff's request for certification of the Order is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-04645-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION; DENYING CERTIFICATION OF INTERLOCUTORY REVIEW
3